## SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

### July 7, 1921.

## THE PEOPLE v. JOHN SYLVESTER.

(198 App. Div. 5.)

(1) GRAND LARCENY—WHEN EVIDENCE OF OTHER CRIMES BROUGHT OUT IN IDENTIFICATION TESTIMONY NOT PREJUDICIAL.

The fact that, on a prosecution for grand larceny, it appeared incidentally or inferentially from the testimony of an identification witness from the Elmira Reformatory that the defendant had been in the reformatory, did not constitute prejudicial error as a violation of the rule that evidence is not admissible to show that the defendant had committed a different and distinct crime.

(2) SAME—ERROR, IF ANY, CURED BY INSTRUCTION.

Furthermore, the court instructed the jury fully as to the purposes of the evidence and in what light it should be considered, and if there was any error it was cured by said instructions.

(3) SAME—DISREGARDING TECHNICAL ERRORS AND DEFECTS UNDER CODE:
CRIM. PROC., § 542.

As there was competent evidence which sustains the verdict, the Appellate Division, by virtue of section 542 of the Code of Criminal Procedure,. will disregard technical errors or defects and affirm the judgment of conviction.

APPEAL by the defendant, John Sylvester, from a judgment of the County Court of the county of Montgomery, rendered on the 25th day of June, 1920, convicting him of the crime of grand larceny in the second degree.

*McMullen & Ward (John J. McMullen,* of counsel), for the appellant.

*Newton J. Herrick, District Attorney,* for the respondent.

KILEY, J.:

A resident of the city of Amsterdam, N. Y., owned a Buick automobile; he had a license from the State to operate the same. On the night of June 6, 1919, he attended a theatre in that city; he parked his car on a side street adjacent to the theatre and when he came out about ten o'clock P.M., his car was gone. In the city was an all-night restaurant, known as. the Electric Lunch, with a manager, who also acted as waiter, in charge. In the fall of 1919 early in December, about twelve or one o'clock, midnight, a man, whom this attendant recognized as this defendant, with two other men, came in and had a lunch and went out, and about four or five o'clock in the morning the man recognized as defendant came in again, had a lunch, and asked if he could use the telephone; he did use it, and the attendant heard him call up 600 or 700 Blond street or Blandina street, Utica; as a matter of fact it was No. 600 Blandina street, Utica, that the defendant called up. He called for a person, named, as being at that number. Said attendant gave this information to the police of Amsterdam. The owner's license

number was 605-091, the motor number was 158-641. The police at Utica were notified and the owner and a policeman from Amsterdam went to Utica and found the car; the man telephoned to by the defendant claimed to be the owner. There is no question about the identification of the car. The owner had had it repaired before it was stolen, he had had a new top put upon it, the material used was not large enough to cover the top and it had to be pieced out; this was done in a particular manner and at places which made it easy to identify; there were other features known to the owner and not found in other cars. The last three figures of the motor number had been changed and were not made to square with the first three when the change was made.

Upon investigation before indictment was found, a man was located in Albany, who said he knew the defendant and that he asked the defendant (this conversation was previous to the time the car was stolen) where he could get a cheap car; that he wanted to run a bus to Saratoga during the races; that in a few days the defendant came to Albany and they went to the Secretary of State's office and made application to change the license to his name, which was done, the license was granted and number plates delivered, which the Albany man sent to the defendant. He identified the defendant from a photograph. It appears he testified before the grand jury when indictment was found. Upon the trial, when first called, he swore that the defendant being tried was not the man he dealt with and that he never identified the photograph as being a picture of the man with whom he bargained for the car. He swore that there were several men in Schenectady of the same name as the defendant. It then became necessary to identify the defendant by his handwriting, by photographs and by different aliases he had used. An officer from Schenectady was called, who knew the defendant as Emile Diciccio, also as John Sylvester, and recognized the photo as one taken of defendant at an earlier date, before he had grown large and filled out; an

instructor was called from Elmira Reformatory, who knew him there as Diciccio, and recognized him as the man who was on trial; he identified the photo and described how he had grown heavier. It did appear, though not asked for, that he was at one time an inmate of that institution. The court directed the jury to disregard any evidence except the evidence of identification. The man from Albany requested to be recalled and testified that he had lied, that the defendant was the man with whom he negotiated for a cheap car. The evidence is complete and guilt of this defendant was established beyond reasonable doubt. The defendant's counsel upon this appeal urges that the evidence of the Elmira witness was to the effect that defendant had been convicted of a different and distinct crime, and it was prejudicial to an extent that calls for a reversal of the judgment. It is urged that People v. Molineux (168 N. Y. 264); People v. Marrin (205 id. 275); People v. Pettanza (207 id. 560), and People v. Buffom (214 id. 53) are authorities sustaining his contention. Those cases are where evidence was offered of other distinct crimes or of facts and circumstances that constitute crime; not so here; this evidence came out in an effort to identify the defendant; it is evident that the photo available of the defendant was not taken at a recent date and it became necessary to call witnesses who knew the defendant over a period of years; he was an Italian and it required witnesses who had known him long enough and observed him close enough, so that they could speak with conviction as to his identity; such a witness was the one from the Elmira Reformatory; no evidence of any other crime was given, except such as might be inferred from the fact defendant was in the reformatory. If the man who claimed to have bargained for the car with the defendant had not lied in the first instance, the evidence would have been complete without the evidence of which complaint is made. The court instructed the jury very fully upon the purpose of the evidence and in what light it should be considered; if there was any error it was cured.

(People v. Barnes, 202 N. Y. 77; People v. Moy He, 173 App. Div. 396.)

This appeal is one of those intended to be considered under the rule laid down in section 542 of the Code of Criminal Procedure. There was competent evidence, that is evidence to go to the jury and not subject to objection, which sustains the verdict. The judgment should be affirmed.

Judgment of conviction unanimously affirmed.